## RAGGIO v. NATCHITOCHES MOTOR CO. et al.

### No. 5451.

Court of Appeal of Louisiana.
· Second Circuit.

April 1, 1937.

Rehearing Denied April 30, 1937.

Writ of Certiorari and Review Denied
May 24, 1937.

Arthur C. Watson, of Natchitoches, for appellants.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

This is a suit for damages arising out of an automobile collision. Plaintiff impleaded as defendants the driver of the car, owner of the car, and its insurer.

The allegations of negligence made by plaintiff are as follows:

"Petitioner shows that said accident occurred about a mile south of Natchitoches on what is known as the Natchex road. Petitioner's car was being driven by his son and was going south on the main highway, enjoying the right of way, and defendant Perry, driving a Natchitoches Motor Company car, entered said highway from the west, driving eastwardly,· at an excessive rate of speed, without keeping a careful lookout, and without observing the rules of the road, and entered said intersection without slackening his speed or stopping, and ran and collided with plaintiff's car, striking same broadside, damaging same to the extent herein shown. Petitioner shows that said accident was entirely the fault of defendant Perry's operation of the car and was in no wise contributed to by petitioner or the driver of his car."

Defendants deny the allegations of negligence made by plaintiff and allege the accident was caused solely by the negligence of the driver of plaintiff's car; and, in the alternative, pleaded the contributory negligence of plaintiff's driver. The allegations of negligence made by defendants against the driver are as follows:

"And further answering defendant avers that at the time of the accident referred to, he was driving in a careful and prudent manner; that he came to a stop before entering the highway from the intersection; that at the moment of the collision his car was completely out of the intersection and had proceeded some 20 or 30 feet from the intersection and up the highway heading north; that at the moment of the collision his car was on its own right hand side of the highway and going very slowly forward, having almost stopped completely when defendant saw that the Raggio car was headed directly toward him that the Raggio car swerved to its own left side of the road, crossed the road in front of Perry's car, hit the right front wheel of defendant's car with its own right front wheel and went off in the ditch on its own left hand side of the road. That after Raggio's car went into the ditch, it continued along the bottom of the ditch beween the highway and the railroad track for a distance of 60 feet or more and finally hit a guide wire supporting a telephone pole. That this impact with the said guide wire and telephone

pole stopped the forward motion of the Raggio car, and was what caused the damage to Raggio's car, if there was any damage, which defendant denies for lack of sufficient information to justify belief.

"Further answering, defendant pleads in the alternative, and in the alternative only, that if this honorable court should find him guilty of any negligence in the matter, then he pleads the contributory negligence of the plaintiff herein and his minor son, who was driving the car which caused the wreck; and defendant pleads that the said minor son of plaintiff was driving his car at the time of the accident at a speed of approximately 50 miles per hour, although it was raining hard at the time and the windshield of the plaintiff's car was so clouded that it was almost impossible to see through it; and in spite of the fact that the brakes on plaintiff's car were in a defective condition so that they would not stop the car as they should."

Defendants set up separate and different defenses for the owner of the car and for its insurer, which are unnecessary to relate due to our finding on the defense set up by the driver of defendants' car.

Plaintiff's car was traveling on the state highway in a southerly direction and defendants' car on a public dirt road in an easterly direction, and upon arriving at the intersection with said highway at a point about 1 mile south of the town of Natchitoches, defendants' car entered the highway and crossed to the east side of it, turning north toward Natchitoches. Defendants' driver contends he had straightened his car out and had traveled north about 30 feet when the collision occurred, which was on the extreme east side of the highway. Plaintiff's car had left its right side of the road and traveled diagonally across it, and passed in front of defendants' car. In doing so, defendants' front bumper came in contact with plaintiff's car at about or near the right front wheel. Defendants' car stopped immediately after the impact and plaintiff's car traveled south in the ditch on the east side of the highway a distance of two or three car lengths, and came to rest against a telephone guy wire. After the collision, defendants' car was on its right side of the road, slightly north of the intersection, and plaintiff's car was on its left side of the road in the ditch about midway the intersection. Just prior to the accident plaintiff's car was traveling at a rate of 30 or 40 miles per hour and defendants' car from 10 to 20 miles per hour. It was raining at the time.

The driver of plaintiff's car testified he was traveling 20 or 30 miles per hour and his brakes were such that he could have stopped his car within 10 feet. We think he is mistaken in this, but if he is correct, he should have stopped the car and avoided the collision.

The evidence in this case is very meager. While there were four eyewitnesses who testified, their testimony is such that when we had finished studying it, we only know there was a collision; that at the time of the collision both cars were on the east side of the road at a point north of the intersection. Who was to blame for the collision the record fails to disclose. The charge of excessive speed made against defendants is not proven. The charge that the driver of defendants' car failed to keep a proper lookout is likewise unproven, and we know of no law which required him to stop before entering the intersection. It is not shown that the public road on which he was traveling before entering the state highway is less favored by law than the state highway. Under Act No. 21 of 1932, both roads were highways. If it was not a less favored highway, he had the right of way because he was entering from the road. Rule 11 (a) title 2, section 3, Act No. 21 of 1932. He did not run into plaintiff's car, but was run into by plaintiff's car.

It is incumbent upon plaintiff to make out his case with a preponderance of the testimony and we are convinced he has failed to do so.

It is unnecessary to discuss the liability of the other two defendants since their liability is predicated entirely upon the alleged negligence of the driver of defendants' car.

The judgment of the lower court is erroneous and it is therefore reversed, and the demands of plaintiff are rejected.